# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| HELEN HOAGLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 6:18-03262-CV-RK |
| | ) |
| HYVEE INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND THE FIRST AMENDED COMPLAINT

Before the Court is Plaintiff Helen Hoaglin ("Plaintiff")'s Motion to Amend the First Amended Complaint ("the Motion"). (Doc. 31.) The Motion is fully briefed. (Docs. 34, 36.) After careful consideration, the Motion is **GRANTED in part** and **DENIED in part**.

On August 17, 2018, this action was removed to this Court from the Circuit Court of Greene County, Missouri. (Doc. 1.) On February 12, 2019, Plaintiff was granted leave to amend the Complaint. (Doc. 18.) The First Amended Complaint alleges the following causes of action against Defendant Hy-Vee, Inc.: quid pro quo sexual harassment; hostile work environment due to sexual harassment; and retaliation in violation of the Missouri Human Rights Act ("MHRA"). (Doc. 19.) Now, Plaintiff seeks to amend the First Amended Complaint in the following ways: add a defendant, add two new claims; add that Plaintiff is a woman; amend a name Zack Robinson ("Robinson") uses, Plaintiff's manager, uses; and narrow the claims for damages.

Under Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend] when justice so requires." However, "there is no absolute right to amend." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 922 (8th Cir. 2015) (internal quotation marks and citation omitted). The Court may properly deny a motion to amend if the plaintiff "is guilty of undue delay, bad faith, dilatory motive," or if the "amendment would unduly prejudice the nonmoving party or would be futile." *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994) (upholding denial of motion to amend motion that was filed 14 months after the original complaint); *see also Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Further, "[t]he district court, when faced with an amended pleading naming a new nondiverse

defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Bailey v. Bayer CropScience L.P.,* 563 F.3d 302, 309 (8th Cir. 2009) (quoting *Hensgens v. Deere and Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

### I. New Claims

The Missouri Legislature amended the MHRA in 2017, and this amendment specifically provided that the MHRA "shall provide the exclusive remedy for any and all claims for injury or damages arising from the employment relationship." Mo. Rev. Stat. § 213.070.2. Recently, the Supreme Court of Missouri recognized this language exclusivity in a recent decision to mean that the MHRA's statutory right of action "'supersedes and displaces . . . common law claims because it 'fully provides for all remedies available at common law.'" *Huskey v. Petsmart, Inc.*, 2019 WL 122873, at *3 (W.D. Mo. Jan. 7, 2019) (quotation omitted). Here, Plaintiff bases her tort claims on the same facts as those that form the basis of her claims, and she seeks the same remedies. Therefore, the addition of these two claims is inappropriate.

### II. Joinder

"When an action is removed from state to federal court, and after removal the plaintiff seeks to join additional defendants whose joinder would destroy diversity, joinder is required if the plaintiff shows that the new parties are necessary and indispensable to a full resolution of the case." *Bailey*, 563 F.3d at 307-08. To determine whether to allow amendment to name a new nondiverse defendant in a case that has been removed to federal court, the court must consider the following factors: "(1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for amendment, and (3) whether the plaintiff will be significantly injured if amendment is not allowed." *Id.* at 309 (internal quotation marks and citation omitted).

The Court has considered the factors and finds they weigh against the addition of Robinson as a defendant. If Robinson were added as a defendant, diversity jurisdiction would be destroyed. Plaintiff knew of Robinson's involvement at the time the suit was filed. Despite this, Plaintiff waited over seventeen months before seeking to add Robinson as a defendant. The Motion does not provide any explanation for this delay. Plaintiff would not be significantly injured if Robinson was not added as a defendant. The Court has already determined that the proposed new claims sought in Motion will not be added, and Plaintiff does not seek to name Robinson as a Defendant in its remaining claims. Therefore, the denial of joinder does not

significantly injure Plaintiff. *See Johnson v. Texas Roadhouse Holdings, LLC*, 2010 WL 2978085, at *2-3 (E.D. Mo. July 23, 2010); *Bailey*, 563 F.3d at 309-310.

### III. Further Amendment

Plaintiff requests three additional amendments in the reply suggestions to the Motion. First, Plaintiff seeks to narrow her claim for damages in the two infliction of emotional distress counts. However, because the Court has denied their incorporation as discussed above, Plaintiff's request to narrow her damages as to these two claims is moot. Second, Plaintiff seeks to amend the First Amended Complaint to add that Plaintiff is a woman. Plaintiff's request as to this amendment is granted. Second, Third, Plaintiff requests leave to modify the name Robinson prefers to use. While the Court is not required to address new arguments made in the reply suggestions, Defendant does not oppose these two minor amendments. Therefore, the Plaintiff may amend the First Amended Complaint only add that Plaintiff is a woman and modify the name Robinson prefers to use.

### Conclusion

After careful consideration, the Motion (Doc. 31) is **GRANTED in part** and **DENIED in part**. Plaintiff shall file a second amended complaint incorporating only the two minor changes described within seven (7) days of the date of this Order.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 30, 2019