# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| HELEN HOAGLIN, | ) |
| Plaintiff, | ) |
| v. | ) No. 6:18-03262-CV-RK |
| HYVEE INC., | ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Hyvee, Inc. ("Defendant")'s Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction ("Motion to Dismiss"), and the Motion to Dismiss is fully briefed. (Docs. 23, 24, 30, 33.) After careful consideration and for the reasons below, Defendant's Motion to Dismiss is **GRANTED**, and this case is **DISMISSED**.

### Background[1]

Plaintiff Helen Hoaglin ("Plaintiff") has amended her complaint once with leave of this Court. (Docs. 18.) On April 30, 2019, Plaintiff was granted leave to amend her Complaint a second time but only as to two narrow issues as directed by the Court's Order. (Doc. 40.) Plaintiff's Amended Complaint was due on or before May 7, 2019. To date, Plaintiff has not filed a second amended complaint. Therefore, the Amended Complaint (Doc. 19) is the operative complaint for Defendant's Motion to Dismiss.

Plaintiff's Amended Complaint alleges a claim for sex discrimination under the Missouri Human Rights Act ("MHRA") against Defendant. (Doc. 19.) The Amended Complaint provides the following allegations. At all relevant times, Plaintiff was employed by Defendant. Plaintiff was in a romantic relationship with her manager Zack Robinson ("Robinson"), who was employed by Defendant. This relationship ended on or about January 19, 2017. Thereafter, Robinson began to "torment" and "abuse" Plaintiff at work. On October 19, 2017, Plaintiff filed a charge of

---

[1] Plaintiff's Amended Complaint alleges that Defendant is incorporated in and has its principle place of business in Missouri. However, Defendant's Notice of Removal (Doc. 1) indicates that Defendant is incorporated in and has its principle place of business in Iowa. Accordingly, the Court will treat Defendant as an Iowa corporation.

discrimination with the Missouri Commission on Human Rights. The charge of discrimination filed with the Missouri Human Rights Commission states:

> Before January 20, 2017 I was in a relationship with Zack Robinson. After we broke up he cut hours and began to torment met when I was at work. After I broke up with Robinson, I asked for a transfer to avoid his abuse. I was transferred and then immediately laid off. I was not reinstated even though Hyvee was advertising open positions. Gail Mayes told me that I would be back on the schedule by August 14 and then later September 4, 2017. I am not on the schedule.

(Doc. 19, ¶ 14.)

The Amended Complaint alleges, "[i]n retaliation, [o]n or about January 20, 2017 Hyvee created a sexually hostile work environment described . . . in Plaintiff's charge of discrimination." (Doc. 19, ¶ 14.) The Amended Complaint also alleges, "Plaintiff was never scheduled for work again as retaliation by the Defendant for not continuing her relationship with . . . Robinson" and "Plaintiff's sex was the contributing factor in the termination of her employment." (Doc. 19, ¶¶ 15, 18.) In support, the Amended Complaint alleges the following: she "is a member of the category of persons protected from sex;" "Plaintiff performed her job duties in a satisfactory manner;" and "Defendant knew or should have known of the sex discrimination and unfair treatment against Plaintiff and failed to implement prompt and appropriate corrective action." (Doc. 19, ¶¶ 4, 10, 20.)

## Legal Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Arkansas Dept. of Human Serv.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation marks and citation omitted). While a complaint does not need to include detailed factual allegations, the complaint must allege more than a sheer possibility that a defendant acted unlawfully to survive a motion to dismiss. *Wilson*, 850 F.3d at 371 (citation omitted). When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party. *Osahar v. U.S. Postal Service*, 263 Fed. Appx. 753, 864 (8th Cir. 2008).

When considering a motion to dismiss in a discrimination case at the pleading stage, the plaintiff is not required to plead facts sufficient to establish a prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). "The prima facie standard is an evidentiary standard, not a pleading standard, and there is no need to set forth a detailed evidentiary proffer in a complaint." *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013) (citing *Swierkiewicz*, 534 U.S. at 512). "[E]lements of the prima facie case are [not] irrelevant to a plausibility determination in a discrimination suit," and these "elements are part of the background against which a plausibility determination should be made . . . the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim." *Id.* (citing *Swierkiewicz*, 534 U.S. at 512).

## Discussion

A motion to dismiss is viewed in the light most favorable to Plaintiff; therefore, the Court will construe the Amended Complaint liberally as to what claims are alleged. In viewing the Amended Complaint in this light, the Court finds the Amended Complaint alleges the following potential claims against Defendant: (1) sexual discrimination; (2) retaliation; (3) sexually hostile work environment sexual harassment; and (4) quid pro quo sexual harassment.

### A. Sex Discrimination

Viewing all well-plead allegations in the Amended Complaint in favor of Plaintiff, the Court finds that Plaintiff has not pled a sex discrimination claim under the MHRA. The MHRA makes it an "unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or to otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of that individual's . . . sex." *Ruppel v. City of Valley Park*, 318 S.W.3d 179, 184 (Mo. App. 2010); RSMo. § 213.055.1(1)(a). To establish a prima facie claim of sex discrimination under the MHRA, Plaintiff must sufficiently allege the following elements: (1) Plaintiff was a member of a protected class; (2) Plaintiff was qualified to perform her job; (3) Plaintiff experienced an adverse employment action; and (4) Plaintiff was treated differently than other similarly situated male employees. *Carter v. CSL Plasma Inc.*, 63 F. Supp. 3d 1034, 1043 (W.D. Mo. Oct. 24, 2014). An employee is similarly situated to a plaintiff if the employee has interacted with the same supervisor, was subject to the same standards, and engaged in the same conduct as the plaintiff without any distinguishing circumstances. *Gilmore v. AT&T*, 319 F.3d 1042, 1046 (8th Cir. 2003).

Plaintiff is a member of a protected class because she is female. *See Barney v. Truman Valley Health Care, Inc.*, 2014 U.S. Dist. LEXIS 113258, at *10 (W.D. Mo. Aug. 15, 2014). Plaintiff's Amended Complaint alleges she was qualified to perform her job. *See* (Doc. 19, ¶ 10) ("At all times relevant, Plaintiff performed her job duties in a satisfactory manner"). Plaintiff's Amended Complaint alleges that Plaintiff was never scheduled for work again after transferring departments; therefore, Plaintiff experienced an adverse employment action. *See Hill v. Ford Motor Co.*, 277 S.W.3d 659, 666 (Mo. banc 2009) (termination is an adverse employment action). However, Plaintiff's Amended Complaint does not allege that Plaintiff was treated differently than other similarly situated males. If a plaintiff does not provide support that employees outside the protected class were treated differently than the plaintiff, the claim for sex discrimination is legally insufficient under Rule 12(b)(6). *Barney*, 2014 U.S. Dist. LEXIS 113258, at *19-20 (a plaintiff did not provide support that similarly situated employees outside of the protected class were treated differently, so the court held the sex discrimination claim under the MHRA failed); *Hood v. Aaron Rents, Inc.*, 2009 U.S. Dist. LEXIS 113686, at *21-22 (E.D. Mo. Dec. 7, 2009) (same); *Gronefeld v. City of Normandy*, 2007 U.S. Dist. LEXIS 35474, at *24 (E.D. Mo. May 15, 2007) (same). Accordingly, Plaintiff's sex discrimination claim is legally insufficient under Rule 12(b)(6).

**B. Retaliation**

Viewing all well-plead allegations in the Amended Complaint in favor of Plaintiff, the Court finds that Plaintiff has not sufficiently pled a retaliation claim under the MHRA. The MHRA prohibits any employer from retaliating or discriminating against any person because that person has opposed an MHRA-prohibited practice. *Shirrell v. St. Francis Med. Ctr.*, 793 F.3d 881, 885 (8th Cir. 2015). To succeed on a retaliation claim under the MHRA, Plaintiff must sufficiently allege the following elements: (1) Plaintiff complained of an MHRA-prohibited activity; (2) Plaintiff's employer took adverse action against Plaintiff; and (3) a causal connection existed between Plaintiff's complaint and the adverse action. *Id.* at 886. "A plaintiff's general, conclusory allegations and opinions, without more, are not sufficient to raise an inference of retaliation." *Carter*, 63 F. Supp. 3d at 1047. To prove a causal connection exists, the plaintiff must show the complaint of discrimination was a contributing factor in the adverse action. *Griffey v. Daviess/Dekalb Cnty. Reg'l Jail*, 2012 U.S. Dist. LEXIS 132, at *18-19 (W.D. Mo. Jan. 3, 2012). A contributing factor is a factor which "contributed a share in anything or has a part in producing the effect." *Williams v. Trans State Airlines, Inc.*, 281 S.W.3d 854, 866 (Mo. App. 2009).

Additionally, "temporal proximity between the complaint of discrimination and the adverse action, without more, does not create the necessary causal connection." *Carter*, 63 F. Supp. 3d at 1047.

The Court will first address whether Plaintiff has sufficiently alleged a causal connection between the complaint of discrimination and her failure to reappear on the work schedule. Here, Plaintiff does not provide any factual support and instead only provides a conclusory allegation that Defendant retaliated against Plaintiff. Plaintiff's Amended Complaint alleges, "Plaintiff was never scheduled for work again as retaliation by the Defendant for not continuing her relationship with . . . Robinson." (Doc. 19, ¶ 15.) Therefore, Plaintiff has not sufficiently alleged that her complaint was a contributing factor in the adverse action. *See also Lovelace v. Wash. Univ. Sch. of Med.*, 2017 U.S. Dist. LEXIS 186746, at *21-22 (E.D. Mo. Nov. 13, 2017) (the court held the plaintiff failed "to show how any complaint concerning her post-surgery restrictions contributed to her termination . . . Lovelace does not provide evidence demonstrating that her complaints contributed to any adverse action by Defendants," so summary judgment in favor of the defendant on the retaliation claim under the MHRA was proper); *Kneibert v. Thomson Newspapers*, 129 F.3d 444, 455 (8th Cir. 1997) (the court found the plaintiff was unable to establish a causal connection between the retaliation and the complaint, so summary judgment in favor of the defendant was appropriate). Accordingly, Plaintiff's Complaint is legally insufficient to allege that a causal connection exists, and Plaintiff's retaliation claim fails pursuant to Rule 12(b)(6).

**C. Sexual Harassment**

The Missouri Human Rights Act (MHRA) prohibits discrimination of individuals on the basis of their sex.[2] The MHRA also prohibits sexual harassment. *Id.* "Sexual harassment is a form of sex discrimination based on sexually explicit behavior." *Id.* There are two forms of sexual harassment under the MHRA – sexually hostile work environment and quid pro quo. *Anderson v. Dillard's, Inc.*, 109 F. Supp. 2d 1116, 1122 (E.D. Mo. July 31, 2000). "Cases based on threats which are carried out are referred to often as quid pro quo cases, as distinct from bothersome attentions or sexual remarks that are sufficiently severe or persuasive to create a hostile work environment." *Id.* (citation omitted).

---

[2] Department of Labor & Industrial Relations, *Sex Discrimination & Harassment*, https://labor.mo.gov/mohumanrights/Discrimination/sex (last visited May 8, 2019).

### 1. Hostile Work Environment Sexual Harassment

The Amended Complaint includes a statement that Defendant created a "sexually hostile work environment." In viewing the Amended Complaint most favorably to Plaintiff, the Court will address whether Plaintiff's Amended Complaint sufficiently pleads a cause of action for a hostile work environment under the MHRA.

Under the MHRA, "[s]exual harassment creates a hostile work environment when sexual conduct either creates an intimidating, hostile, or offensive work environment or has the purpose or effect of unreasonably interfering with an individual's work performance." *Smith v. Hy-Vee, Inc.*, 622 F.3d 904, 907 (8th Cir. 2010) (citing *Barekman v. City of Republic*, 232 S.W.3d 675, 679 (Mo. App. 2007). A plaintiff must establish the following elements to prevail on a hostile work environment claim under the MHRA: (1) the plaintiff is a member of a protected group; (2) the plaintiff was subject to unwelcome sexual harassment; (3) gender was a contributing factor; (4) a condition of the plaintiff's employment was affected by the harassment; and (5) the defendant knew or should have known of the harassment and failed to take corrective action. *Smith*, 622 F.3d at 907. "More than a few isolated incidents are required, and the alleged harassment must be so intimidating, offensive, or hostile that it poisoned the work environment." *LeGrand v. Area Res. For Cmty. & Human Servs.*, 394 F.3d 1098, 1101 (8th Cir. 2005). "Courts look to a number of factors in analyzing a hostile work environment claim, including: 'the frequency of the discriminatory conduct; its severity; whether it is physical threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Watson v. Heartland Health Labs., Inc.*, 2014 U.S. Dist. LEXIS 66078, at *11 (W.D. Mo. May 14, 2014) (quoting *LeGrand*, 394 F.3d at 1103). "The fourth element involves both objective and subjective components." *Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 578 F.3d 787, 801 (8th Cir. 2009) (citation omitted). The fourth element requires, "the harassment . . . be 'severe or pervasive enough to create an objectively hostile or abusive working environment' and the victim must subjectively believe her working conditions have been altered." *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

As to the first element, the Amended Complaint sufficiently alleges that Plaintiff is a member of a protected group. *See Barney*, 2014 U.S. Dist. LEXIS 113258, at *10-11. Next, Plaintiff's Amended Complaint does not sufficiently allege the second element because the Amended Complaint does not allege that Robinson's harassment of Plaintiff was so "intimidating,

offensive, or hostile that it poisoned the work environment." *LeGrand*, 394 F.3d at 1101. The Amended Complaint simply alleges that Defendant reduced Plaintiff's work hours and tormented her at work without providing any factual support such as the frequency of the harassment; its severity; or how, if at all, the harassment interfered with Plaintiff's work performance.

As to the third element, Plaintiff's Amended Complaint alleges "Plaintiff's sex was the contributing factor in the termination of her employment." (Doc. 19, ¶¶ 18, 23.) Defendant argues Plaintiff was not discriminated based on gender because her termination was the result of her relationship with Robinson. *See Tenge v. Phillips Modern Ag Co.*, 446 F.3d 903, 909 (8th Cir. 2006) ("where an employee engaged in consensual sexual conduct with a supervisor and an employment decision is based on this conduct, Title VII is not implicated because any benefits of the relationship are due to the sexual conduct, rather than the gender, of the employee"). The Court need not determine whether this element is satisfied because Plaintiff's Amended Complaint fails to sufficiently allege the second and fourth element of a sexually hostile work environment claim.

As to the fourth element, while the Court is not convinced that Plaintiff's adverse action is actionable under the MHRA, Plaintiff's Amended Complaint does not allege sufficient factual allegations to establish that the alleged harassment was "sufficiently severe or pervasive enough to alter the conditions of plaintiff['s] employment and create an abusive working environment." *Watson*, 2014 U.S. Dist. LEXIS 66078, at *12 (internal quotation marks and citation omitted). The Amended Complaint does not sufficiently allege that the harassment was sufficiently severe or pervasive as to satisfy this element. The Amended Complaint states, "Robinson would tease and torment plaintiff in a sexual and degrading manner, over the loudspeaker for the whole store to hear, as he watched her work over closed circuit TV." (Doc. 19, ¶ 13.) *See Duncan v. General Motors Corp.*, 300 F.3d 928, 933-935 (8th Cir. 2002) (the Eighth Circuit held five incidents of harassment including: a proposition for a relationship; improper touching of the plaintiff's hand on several occasions; a request that plaintiff sketch a sexually suggestive drawing; posting a "Man Hater's Club" poster; and keeping a naked woman as his computer screen saver were "boorish, chauvinistic, and decidedly immature" and made the plaintiff uncomfortable, but the Court found that these actions were not sufficient to create an "objectively hostile work environment permeated with sexual harassment."); *LeGrand*, 394 F.3d at 1100-02 (the court held that while the harasser asked the plaintiff to watch pornographic movies with him, reached for the plaintiff's genitals, gripped the plaintiff's thigh, and tried to kiss plaintiff, this conduct was insufficient to create a

7

hostile work environment). Accordingly, to the extent Plaintiff's Amended Complaint alleges a hostile work environment claim, Plaintiff has not sufficiently pled this cause of action in accordance with Rule 12(b)(6).

### 2. Quid Pro Quo Sexual Harassment

Last, the Court will address whether Plaintiff's Amended Complaint sufficiently pleads a cause of action for quid pro quo sexual harassment. To succeed on a quid pro quo sexual harassment claim, the plaintiff must show "a tangible employment action follows the employee's refusal to submit to a supervisor's sexual demands." *Henthorn v. Capitol Commc'ns, Inc.*, 359 F.3d 1021, 1026-27 (8th Cir. 2004). Plaintiff must sufficiently allege the following elements: (1) Plaintiff was a member of a protected class; (2) Plaintiff was subject to unwelcome harassment in the form of sexual advances or requests for sexual favors; (3) Plaintiff was harassed based on her sex; and (4) submission to the unwelcome sexual advances was an express or implied condition to receive job benefits or refusal to submit would result in a tangible job detriment. *Quigley v. Winter*, 598 F.3d 938, 947 (8th Cir. 2010).

Here, Plaintiff's Amended Complaint fails to sufficiently allege the second and fourth elements to establish a quid pro quo sexual harassment claim. As to the second element, the Amended Complaint alleges Defendant tormented and harassed Plaintiff, but it does not allege that the harassment was in the form of sexual advances or sexual favors. As to the final element, Plaintiff alleges her failure to resume her relationship with Robinson resulted in her termination. However, the Amended Complaint does not allege that Robinson made any advances or requests to advance with the express or implied condition that Plaintiff would be terminated if she did not oblige. Accordingly, Plaintiff has not sufficiently alleged a quid pro quo sexual harassment claim.

### Conclusion

After careful consideration, Defendant's Motion to Dismiss (Doc. 4) is **GRANTED,** and this case is **DISMISSED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 8, 2019