# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| HELEN HOAGLIN, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 6:18-03262-CV-RK |
| HYVEE INC., | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINITFF'S MOTION TO SET ASIDE THE JUDGMENT

Before the Court is Plaintiff Helen Hoaglin ("Plaintiff")'s Motion to Set Aside the Judgment and Amend the Complaint ("the Motion"). (Doc. 43.) Plaintiff filed this action on August 17, 2018. (Doc. 1.) Since this initial filing, Plaintiff has amended her Complaint twice. (Doc. 19, 40.) On May 8, 2019, this Court granted Defendant Hyvee Inc.'s ("Defendant")'s Motion to Dismiss. (Doc. 41.) On May 9, 2019, a Clerk's Judgment was entered, and this case was closed. (Doc. 42.)

Plaintiff's Amended Complaint alleged a claim for sex discrimination and retaliation under the Missouri Human Rights Act ("MHRA"). (Doc. 19.) In the Motion to Dismiss, the Court held that Plaintiff had not pled a sex discrimination claim under the MHRA because Plaintiff did not allege she was treated differently than other similarly situated males. *See Barney v. Truman Valley Health Care, Inc.*, 2014 U.S. Dist. LEXIS 113258, at *19-20 (W.D. Mo. Aug. 15, 2014) (a plaintiff did not provide support that similarly situated employees outside of the protected class were treated differently, so the court held the sex discrimination claim under the MHRA failed). Next, the Court found that Plaintiff had not sufficiently pled a retaliation claim under the MHRA because Plaintiff did not allege that her complaint was a contributing factor in the adverse action. *See Lovelace v. Wash. Univ. Sch. of Med.*, 2017 U.S. Dist. LEXIS 186746, at *21-22 (E.D. Mo. Nov. 13, 2017). Finally, while Plaintiff's Amended Complaint does not allege a cause of action for sexually hostile work environment or quid pro quo sexual harassment, the Court gave Plaintiff the benefit of the doubt and analyzed whether the Amended Complaint sufficiently alleged either of

these causes of action. The Court found that Plaintiff's Amended Complaint did not sufficiently plead a cause of action for a hostile work environment or quid pro quo sexual harassment.

In the Motion, Plaintiff seeks to narrow the Amended Complaint to one claim - sexual harassment under the MHRA. Plaintiff has included a Proposed Second Amended Complaint attached with the Motion. (Doc. 43-1.) Plaintiff's Proposed Amended Complaint provides the following new allegations: (1) "[t]hat on January 20, 2017, when Helen Hoaglin broke up with Zach Robinson, her manager at Hy-Vee, Robinson insisted that she continue to lead her coworkers to believe that she and he were still living together and still had an ongoing sexual relationship, as a condition of her continued employment at Hy-Vee;" and (2) "none of her male co-workers, also supervised by Robinson, were required to pretend to live with or pretend to be in an ongoing sexual with Robinson, and her termination was ultimately precipitated when she quit pretending"). (Doc. 43-1.)

Plaintiff has been given ample time and sufficient opportunities to amend her Complaint. The Court is not persuaded to vacate its prior dismissal and reopen this case. The Court will not address the merits of Plaintiff's Proposed Amended Complaint or its new factual allegations. After careful consideration, the Motion to Set Aside the Judgment and Amend the Complaint (Doc. 43) is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: June 6, 2019